[S. F. No. 14914. In Bank.—January 15, 1934.]

WILLIAM LOCKE PADDON, Plaintiff, v. MYRON HARRIS, as Executor, etc., Defendant and Respondent; UNA MARGARET LOCKE PADDON, Cross-Defendant and Appellant.

Fred W. Lake for Appellant.

R. J. Darter for Respondent.

THOMPSON, J.—This is an appeal from a judgment quieting title against the claims of plaintiff and appellant to the property of the estate of Charles Locke Paddon, deceased. Inasmuch as four persons who are to be mentioned herein bear the surname of Locke Paddon, it is well to emphasize, as an aid to clarity, that appellant Una Margaret Locke Paddon is the divorced wife of plaintiff, William Locke Paddon. Her claim to the property is based

upon a property settlement agreement with her former husband, which included a provision that each should have an undivided one-half interest in any undisclosed property standing in the name of the other. In her pleading herein she alleged that her former husband, the plaintiff, had conveyed property to his brother Charles Locke Paddon in order to secrete the same and to cheat and defraud her of her rights. She also alleged that if the plaintiff recovered anything by virtue of his action against respondent she was entitled to a one-half thereof.

Having briefly stated the substance of appellant's claim, let us observe the procedure by which the issue thereon was framed by the pleadings. According to plaintiff's complaint, on May 9, 1928, Evalynne D. Locke Paddon brought suit for divorce against her husband, Charles Locke Paddon, who at the time was in poor health. The plaintiff alleged that he took his brother to Canada and then alone returned to Oakland for the purpose of negotiating a property settlement with his brother's wife, it being agreed between him and his brother that he, the plaintiff, should have one-half of whatever property he could secure for them through agreement with the complaining wife. He further alleged that the property was to be transferred to his brother, and that he was to hold one-half thereof as trustee for plaintiff. As a result of his negotiations with Evalynne D. Locke Paddon a settlement was agreed upon, he alleged, and the property was conveyed to Charles Locke Paddon; and that all of the estate left by decedent consisted of the property so secured, or the result of the exchange of that property for other property, and asked that he be declared to be the owner of one-half of all the property and that it be conveyed to him.

The respondent brought appellant in as a necessary party and by cross-complaint sought to quiet the title of the estate against the claims of both. As already indicated, the court found in favor of respondent and rendered judgment accordingly.

Three days were occupied in the trial of the case. However, we are furnished with practically none of the testimony and yet there is abundant to answer the plea of appellant that she was not permitted to have her day in court. Appellant was represented by three lawyers and on

at least three occasions the trial judge requested appellant to make proof of her claims. Finally, in response to the question of the court as to whether all the parties rested, counsel for appellant answered in the affirmative. The record presented to us is barren of any evidence which tends to lend color to her claim. True, there is an affidavit made on motion for new trial which reasserts the claims made by her in the pleadings, but it is void of evidentiary matter or any specific testimony which it is averred any witness would give on a retrial. It consists, in fact, of general conclusions and complaints against her former counsel, her former husband, her deceased brother-in-law and the trial judge. It was completely answered by an affidavit filed by respondent. ■ Even though the record did not affirmatively disclose that every opportunity had been accorded appellant to prove her claims, yet we would be bound by the action of the trial court in denying the motion for a new trial, in the absence of a showing of an abuse of discretion.

In addition to what has already been said, we observe that appellant has failed in her brief to disclose any error requiring a reversal of the judgment.

Judgment affirmed.

Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Preston, J., did not participate herein.